IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-31175 |
| | § | |
| GRANITE TRUCKING, INC., | § | CHAPTER 7 (converted) |
| | § | |
| *Debtor*. | § | |
| | § | |

**FINANCIAL PACIFIC LEASING, INC.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

### NOTICE TO PARTIES IN INTEREST

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON AUGUST 26, 2020 AT 9:30 IN COURTROOM 403, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE JEFFREY P. NORMAN:

NOW COMES Financial Pacific Leasing, Inc. ("Movant"), and files this its Motion for Relief from the Automatic Stay, and in support thereof would respectfully show the Court the following:

### I. JURISDICTION

1. This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Section 362(d) of the Bankruptcy Code.  This Court has jurisdiction over this proceeding pursuant

to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(G).

## II. BASIS FOR MOTION

2. This Motion is based on the pleadings of the parties herein, the documents on file herein, and the following evidence:

(1) The Affidavit of Kerry L. Creson, attached and incorporated herein for all purposes, including the Exhibit "A" through Exhibit "C" attached thereto.

## III. FACTS

3. On December 26, 2017, Landscaper's Choice Transportation, Inc. ("Landscaper"), as borrower, and Movant, as Secured Party, executed an Equipment Finance Agreement, agreement number 1403982-301, along with all amendments, addenda, schedules, modifications, and exhibits thereto (collectively, the "Agreement"). A true and correct copy of the Agreement is attached hereto and incorporated by reference as Exhibit "A."

4. Pursuant to the terms of the Agreement and amendments thereto, Landscaper was required to make one initial pre-payment in the sum of $2,181.13, followed by thirty-six (36) consecutive monthly payments, each in the amount of $1,786.13, until the balance of the Agreement was paid in full. In exchange, Landscaper received financing from Movant for the purchase of the following equipment for use in its business (collectively, the "Equipment"):[1]

| 2013 | MAC DUMP BLACK | VIN: 5MADN392XDC025865 |
|------|----------------|------------------------|

A true and correct copy of the list of the equipment financed by Movant and delivered to Landscaper is attached to the Agreement and is incorporated herein by reference as part of Exhibit "A."

---

[1] *See* Exhibit A.

5. On or about September 29, 2018, Landscaper and Movant executed an Addendum to Contract, whereby the payment terms of the Agreement were amended. Under the amended Agreement, Landscaper was obligated to make thirty (30) monthly payments of $1,796.42, plus any applicable taxes, beginning on October 15, 2018 and ending on March 15, 2021.

6. Pursuant to the Agreement, Landscaper granted to Movant a first priority security interest in and lien upon the Equipment and all income and proceeds from the Equipment to secure payment of the indebtedness arising under the Agreement.  A description of Movant's security interest is contained in paragraph 2 of the Agreement. Movant perfected its security interest on the face of the Equipment's Certificate of Title. A true and correct copy of the Electronic Lien and Title Information reflecting Movant's perfected security interest in the Equipment is attached hereto and incorporated by reference for all purposes as Exhibit "B."

7. Moreover, in order to further secure the indebtedness arising under the Agreement, Daniel Champeau, Jr., Diane Chapeau, and Kelly Champeau (collectively, the "Guarantors") each signed and executed a Personal Guaranty (collectively the "Guarantees"), whereby Guarantors unconditionally and absolutely guaranteed full and prompt payment and performance under the Agreement.  True and correct copies of the Guarantees may be found on the first page of the Agreement. In addition, Daniel Champeau, Jr. executed an additional, separate Guarantee, whereby the reiterated her personal obligations to Movant for satisfaction of Landscaper's obligations under the Agreement. A true and correct copy of the separate Guarantee of Daniel Champeau, Jr. is attached hereto and incorporated by reference for all purposes as Exhibit "C."

8. Assuming the Equipment is in good condition and based on Movant's review of similar Equipment, Movant estimates the Equipment's fair market value is approximately $12,000.00.

9. Pursuant to Paragraph 5 of the Agreement, Landscaper agreed to maintain the Equipment at 7320 W. FM 1431, Granite Shoals, Texas 78654. Further, pursuant to Paragraph 12 of the Agreement, Landscaper agreed that it had no right to sell, pledge, sublease, transfer, or assign any rights in the Equipment or the Agreement without Movant's prior written consent. Debtor Granite Trucking, Inc. ("Debtor") was not a party to the Agreement, nor has Movant provided written consent to Debtor's possession, use, or control of the Equipment.

10. Despite Movant's performance, Landscaper, and by way of the Guarantees, the Guarantors, defaulted under the Agreement by failing to make the payment due on January 15, 2020, and all payments when due thereafter. After accounting for past-due payments, charges, fees, and discounting future payments under the Agreement to present value, the unpaid amount due and owing under the Agreement was $32,308.29 as of July 14, 2020, with interest continuing to accrue daily.

11. On February 21, 2020, Debtor Granite Trucking, Inc (the "Debtor") filed its Voluntary Petition, seeking relief under Chapter 11 of the Bankruptcy Code. On June 10, 2020, the Court entered the Order Converting Case to Chapter 7 (42) [Doc. # 50].

12. On February 21, 2020, Debtor filed its initial Schedules, Statements, and Summary, listing the Equipment as property of the Debtor in Schedule B, 47.11. As shown by the Agreement, the Equipment is owned by Landscaper, not the Debtor. Further, Movant has not consented to the transfer of the Equipment or the Agreement to Debtor. Therefore, Debtor has no legal, possessory, or equitable interest in the Equipment.

13. Moreover, upon information and belief, neither Debtor nor Landscaper have maintained a policy of insurance on the Equipment. Without maintaining the required insurance coverage on the Equipment, Debtor, if actually in possession of the Equipment subject to Movant's

first priority perfected security interest place Movant's lien interest in further jeopardy should the Equipment be damaged or stolen while in Debtor's use and possession and Movant is not adequately protected.

14. Movant seeks to repossess and resale the Equipment, but first seeks relief from this Court from the Automatic Stay so that a sale it may utilized the remedies provided to it by the laws of the State of Texas.

### IV.  RELIEF FROM STAY

15. By reason of the foregoing, Movant requests that the Court terminate the stay so that Movant may exercise all of its rights and remedies against Debtor and Landscaper under state law, including foreclosing on Movant's security interest in the Equipment.

A.  Movant is not adequately protected.

16. Movant seeks to foreclose its security interest in and sell the Equipment to a third-party buyer for the highest value possible, which declines as the Equipment remains in the possession of the Debtor and/or Landscaper.  However, while the Automatic Stay is in effect, Movant cannot foreclose upon its Equipment and collateral, frustrating any potential sale to a third-party buyer. Further, no known arrangements have been made by Debtor or Landscaper to safely secure, store, or maintain the Equipment as part of their Chapter 7 bankruptcy.

17. Moreover, upon information and belief, neither Debtor nor Landscaper have maintained a policy of insurance on the Equipment.  Without maintaining the required insurance coverage on the Equipment, Debtor and Landscaper place Movant's first priority lien interest in further jeopardy should the Equipment be damaged or stolen while in Debtor's use and possession and Movant is not adequately protected.

18. For all of the foregoing reasons, cause to vacate the automatic stay pursuant to 11 U.S.C. §362(d)(1) so that Movant may be able to foreclose and sell its Equipment.

B.  The Equipment is not property of the Debtor's estate, Debtor has no Equity in the Equipment, and the Equipment is not Necessary for an Effective Reorganization.

19. Movant requests relief from stay pursuant 11 U.S.C.A. § 362(d)(2) because, as set forth above, the Debtor has no equity in the Equipment and the Equipment is not property of the Debtor's estate. Debtor was not the purchaser of the Equipment under the Agreement; rather, Landscaper was contemplated as the borrower, with Debtor never being a party to the Agreement. Furthermore, the Equipment is not necessary for Debtor's effective reorganization as Debtor does not have an ownership interest in the Equipment and Debtor's bankruptcy is now a Chapter 7 with no hope for a reorganization. Thus, Movant is entitled to relief from the automatic stay under 11 U.S.C.A. § 362(d)(2).

20. Movant requests that an order granting its motion for relief from automatic stay, if such order should be entered, be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived so that Movant may be permitted to immediately enforce and implement the order granting relief from the automatic stay.

## V.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant requests that this matter be set for a hearing, as provided in Section 362(e) of the Bankruptcy Code and that the Court enter an Order granting Movant's Motion for Relief from the Automatic Stay to permit Movant to exercise its state law remedies with respect to the Equipment as prayed for in this Motion and grant to Movant such other and further relief to which it may be justly entitled.

        **Respectfully submitted,**

        PADFIELD & STOUT, L.L.P.
        420 Throckmorton Street, Suite 1210
        Fort Worth, Texas 76102
        (817) 338-1616 phone
        (817) 338-1610 fax

        */s/ Joseph D. Austin*
        Mark W. Stout
        State Bar I.D. #24008096
        mstout@padfieldstout.com
        Joseph D. Austin
        State Bar I.D. #24101470
        jaustin@padfieldstout.com

        *Attorneys for Movant*

## CERTIFICATE OF CONFERENCE

This is to certify that my office conferenced with the Trustee, Ronald J. Sommers, by e-mail on Tuesday, July 21, 2020 regarding the relief sought in this Motion. Mr. Sommers is not opposed to the relief sought herein. In addition, my office attempted to conference with the Debtor's counsel, Russell Van Beustring, by telephone on Friday, July 17, 2020 and by e-mail on Tuesday, July 21, 2020, regarding the relief sought in this Motion. However, despite leaving several messages, I have not received a response from Debtor's counsel regarding the relief sought in this Motion; thus, it is submitted to this Court for determination.

/s/ *Joseph D. Austin*
Joseph D. Austin

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Tuesday, July 28, 2020; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| **Granite Trucking, Inc.**<br>P.O. Box 701<br>Marble Falls, Texas 78654<br><br>*Debtor* | **Ronald J. Sommers**<br>Chapter 7 Bankruptcy Trustee<br>Nathan Sommers Jacobs<br>2800 Post Oak Boulevard, 61st Floor<br>Houston, Texas 77056<br><br>*Chapter 7 Trustee* |
|---|---|
| **Russell Van Beustring**<br>6200 Savoy Drive, Suite 1150<br>Houston, Texas 77036<br><br>*Debtor's Attorney* | **Hector Duran, Jr.**<br>United States Trustee<br>515 Rusk, Suite 3516<br>Houston, Texas 77002 |
| **All those receiving ECF notification in this case.** | |

/s/ *Joseph D. Austin*
Joseph D. Austin