**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-31175 |
| | § | |
| **GRANITE TRUCKING, INC.** | § | |
| | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

**AGREED ORDER GRANTING MOTION TO VACATE THE AUTOMATIC STAY**
**AND WAIVER OF 30 DAY HEARING REQUIREMENT**

On July 29, 2020, a Motion for Entry of Agreed Order Vacating the Automatic Stay (the "Motion") regarding a 2000 Kenworth, VIN: 1XKWDB9X8YJ826051 that was owned and operated by Granite Trucking, Inc., (the "Vehicle") and a third party insurance claim related to a single vehicle collision and subsequent towing and storage of the Vehicle by Miller Towing & Recovery, LLC was filed in the above-referenced case. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate fourteen (14)-day negative language, pursuant to LBR 4001, which directed any party opposed to the granting of the relief sought by the Motion to file a written response within fourteen days or the Motion would be deemed by the Court to be unopposed. The Court finds that no objection or other written response to the Motion has been timely filed by any party. Due to the failure of any party to file a timely written response, the allegations contained in the Motion stand unopposed and, therefore, the Court finds that good cause exists for the entry of the following order:

IT IS THEREFORE ORDERED that the automatic stay provided in 11 U.S.C. § 362 be, and it is hereby VACATED so as to authorize Miller Towing & Recovery, LLC, and its agents and assigns, to immediately pursue its rights and remedies under state law to submit all paperwork to appropriate authorities necessary to facilitate the transfer of title of the Vehicle and to pursue any and all third party insurance claim(s) against Debtor's insurers for amounts owed to Miller Towing & Recovery, LLC as a result of the collision and subsequent towing and storage of the Vehicle.

IT IS FURTHER ORDERED that, since the Motion was unopposed by any party, the (14)-day stay period otherwise imposed by Fed. R. Bankr. R. 4001 (3) shall not be applicable to this Order.

| | |
|---|---|
| **ORDER SUBMITTED BY:** | **APPROVED AS TO FORM AND CONTENT:** |
| */s/Ryan Dunn* | */s/Ronald J. Sommers* |
| Ryan Dunn | Ronald J Sommers |
| DUNN PLLC | Nathan Sommers Jacobs |
| State Bar No. 24056749 | State Bar No. 18842500 |
| 405 Main Street, Suite 836 | 2800 Post Oak Blvd |
| Houston, Texas 77002 | 61st Floor |
| ryan@dunnpllc.com | Houston, TX 77056 |
| **ATTORNEY FOR CREDITOR** | 713-892-4801 |
| | 713-892-4800 (fax) |
| | efile@nathansommers.com |
| | **CHAPTER 7 TRUSTEE** |